[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION FOR ADDITIONAL EVIDENCE
ISSUE
Whether the court, in its discretion, may grant the plaintiff's motion for additional evidence in this administrative appeal.
FACTS
The following facts are alleged in the complaint. The plaintiffs, Norwich Roman Catholic Diocesan Corporation and Bethany Housing Corporation, are the owners of property zoned for Planned Residential Development ("PRD"). On May 4, 1989, the defendant, the Cromwell Planning 
Zoning Commission (the "Commission"), amended the Cromwell Zoning Regulations (the "Regulations") to eliminate the PRD zone, but the amended regulation provided that land previously zoned PRD need only conform with the requirements in existence as of May 4, 1989. On December 10, 1991, the Commission amended the regulations to limit the development and expansion of land previously zoned PRD to only those site plans on file as of May 4, 1989. The plaintiffs also allege that Bethany Housing Corporation had a conceptual site plan on file as of May 4, 1989.
The plaintiffs appeal from this decision. The plaintiffs allege, inter alia, that the Commission's decision was illegal, arbitrary and an abuse of discretion because the Commission acted with improper motives. The plaintiffs now move to be allowed to introduce evidence outside the record, namely, the Town's file in this matter, the transcript of the public hearing on Bethany Housing Corporation's recent site plan application and an opinion of the Cromwell Town Attorney submitted to the Commission which purportedly states that the Bethany Housing Corporation need not conform to the amended regulations.
DISCUSSION
General Statutes Sec. 8-8 (k) provides in pertinent part:
 The court shall review the proceedings of the board and shall allow any party to introduce evidence in addition to the contents of the record if (1) the record does not contain a complete transcript of the entire proceedings before the board, including all evidence presented to it pursuant to section 8-7a, or (2) it appears to the CT Page 8448 court that additional testimony is necessary for the equitable disposition of the appeal.
It is within the court's discretion to grant or deny a motion to supplement an administrative record. Adriani v. Commission on Human Rights Opportunities,220 Conn. 307, 326, 596 A.2d 426 (1991). It is an abuse of the court's discretion, however, to deny a motion to supplement an administrative record where alleged procedural irregularities have a potentially crucial impact on the propriety of the administrative agency's decision. Adriani v. Commission on Human Rights Opportunities, supra, 328.
The commission argues that the court should deny the motion because the plaintiffs failed to allege that the evidence they seek to introduce is essential for the equitable disposition of their appeal. It is within the court's discretion to determine whether the facts alleged by the plaintiffs render the requested outside evidence reasonably necessary for the equitable disposition of this appeal.
"There is no question that the plaintiff was . . . entitled to have its application heard and determined by an impartial and unbiased agency." Huck v. Inland Wetlands 
Watercourses Agency, 203 Conn. 525, 536, 525 A.2d 940
(1987). The court may, in its discretion, grant the plaintiff's motion because the action of a zoning commission upon improper motives could, if proven, vitiate the propriety of the commission's action. The court may allow the plaintiffs to introduce such evidence as the court feels, in its discretion, is reasonably necessary for the equitable disposition of the appeal.
The plaintiff's motion for additional evidence including the opinion letter of the Town Attorney, the Town's file including minutes and transcript of the public hearing regarding Bethany's application is granted.
AUSTIN, J.